IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01681-GPG

JEROME L. GRIMES,

     Plaintiff,

v.

USA BOXING,

     Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff Jerome L. Grimes, a resident of Ft. Washington, Pennsylvania, filed *pro se* a "Motion to Set Aside the Decision; and Request for a Temporary Injunction and Interim Measures to Secure the Annulment of the Defendant's Decision and Ban on any Future Discrimination or Boycott" (ECF No. 1) against USA Boxing on August 6, 2015. On August 7, 2015, the Court ordered Mr. Grimes to cure certain designated deficiencies in his submitted document. (ECF No. 4).  Accordingly, Mr. Grimes filed an Amended Complaint on August 19, 2015. (ECF No. 5).  Mr. Grimes has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 7).

On September 16, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr. Grimes to show cause why this action should not be dismissed for lack of subject matter jurisdiction.  Mr. Grimes was warned that the action would be dismissed without further

1

notice if he failed to show good cause within twenty-one days.  Mr. Grimes has not

responded to Magistrate Judge Gallagher's show cause order within the time allowed.

The Court must construe the Amended Complaint liberally because Mr. Grimes is

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not

act as an advocate for a *pro se* litigant. *See id.*  For the reasons stated below, the action

will be dismissed for lack of subject matter jurisdiction.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court

lacks subject matter jurisdiction.

> Federal courts are courts of limited jurisdiction.  They
> possess only that power authorized by Constitution and
> statute, which is not to be expanded by judicial decree.  It is
> to be presumed that a cause lies outside this limited
> jurisdiction, and the burden of establishing the contrary rests
> upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any

time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851

F.2d 1249, 1252 (10th Cir. 1988).  As the party invoking federal jurisdiction, it is Mr.

Grimes burden to allege facts that demonstrate the case falls within the Court's limited

jurisdiction. *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008).

It is clear from Mr. Grimes' Amended Complaint that he wants to be able to

compete in the Olympic Trials for a chance to represent the United States in the Boxing

Welterweight Division at the 2016 Summer Olympic Games.  According to Mr. Grimes,

USA Boxing is preventing him from competing in the Olympic Trials because he is 49

years old.  He seeks a court order to allow him to participate in the Olympic Trials taking place on October 24 to October 31, 2015.

Mr. Grimes claims this court has jurisdiction based on "Public Law of the (USA) United States of America and Legislature on the protection of the Human Person against Age Discrimination, 5th and 14th Amendments, United States Constitution." (ECF No. 5 at 2).

However, Congress has explicitly limited judicial review in cases where athletes are challenging eligibility criteria for participation in the Olympics.  In 1978, Congress passed the Amateur Sports Act ("ASA"), which vested the United States Olympic Committee ("USOC") with the power to "exercise exclusive jurisdiction, directly or through constituent members or committees, over all matters pertaining to the United States participation in the Olympic Games." 36 U.S.C. § 220503(3)(A). The ASA created a hierarchy for the management of amateur Olympic sports in the United States. *See* 36 U.S.C. § 220503. At the top of the hierarchy is the USOC, designated by Congress as the coordinating entity for amateur sports that Americans compete in internationally. *See id.* The next level is comprised of national governing bodies for each sport included in the Olympic Games, which includes USA Boxing. *See* 36 U.S.C. § 220521. Once established, a national governing body has broad authority, which includes acting as the coordinating body for amateur athletic activity in the United States, conducting amateur athletic competitions, and establishing procedures for determining eligibility standards. *See* 36 U.S.C. § 220523; *see also Barnes v. International Amateur Athletic Federation*, 862 F.Supp. 1537, 1543 (S.D.W.Va. 1993)

("Each [national governing body] is expressly granted the exclusive right to make determinations regarding the eligibility of an athlete for competition.").

The ASA also created and required the USOC to "provide swift resolution of conflicts and disputes involving amateur athletics, national governing bodies, and amateur sports organizations, and protect the opportunity of any amateur athlete, coach, trainer, manager, administrator, or official to participate in amateur athletic competition." 36 U.S.C. § 220503(8). Therefore, amateur athletes who wish to dispute a decision of a national governing body, such as USA Boxing, as to matters involving participation in Olympic trials are required to seek resolution through the USOC's dispute resolution procedures, which include arbitration.

Additionally, the ASA expressly provides that it does not create a private cause of action. 36 U.S.C. § 220505(b)(9); *Shepherd v. U.S. Olympic Committee*, 464 F.Supp.2d 1072, 1087 (D. Colo. 2006); *see also Michels v. U.S. Olympic Comm.*, 741 F. 2d 155, 157 (7th Cir. 1984); *Oldfield v. Athletic Congress*, 779 F. 2d 505 (9th Cir. 1985) (concluding that Congress had not intended to allow athletes to sue in federal court to enforce rights created by the Amateur Sports Act). Instead, the USOC's exclusive jurisdiction applies to all matters arising under the ASA. For matters not arising under the ASA, the USOC and its national governing bodies may be sued. *See Akiyama v. U.S. Judo Inc.*, 181 F. Supp. 2d 1179 (finding that Title II of Civil Rights Act of 1964 applied to prevent discrimination on basis of religion at judo competition); *see Sternberg v. U.S.A. Nat'l Karate-DO Fed'n., Inc.*, 123 F. Supp. 2d 659 (E.D.N.Y. 2000) (proceeding on a Title IX claim against karate national governing body based on organization's decision to withdraw women's karate team from international competition). As such,

some courts have allowed Defendants to proceed with a private right of action for discrimination "so long as the remedy [the defendant] seeks is not within the exclusive jurisdiction of the USOC." *Lee v. United States Taekwondo Union*, 331 F. Supp. 2d 1252, 1259-1261 (D. Haw. 2004) (distinguishing between private claims challenging eligibility or similar matters "pertaining to participation." which the USOC and its national governing bodies have exclusive jurisdiction under 36 U.S.C. § 220503(3) and claims that invoke rights independently of this grant of jurisdiction).

In this case, although Mr. Grimes' action alleges discrimination, the only remedy he requests – permission to participate in the Olympic Trials -- is within the USOC's exclusive jurisdiction. *Accord Bennett v. USA Water Polo, Inc.*, 2009 U.S. Dist. LEXIS 37753, 2009 WL 1089480, *2 (S.D.Fla. Apr. 21, 2009) (collecting cases); *Lee*, 331 F.Supp.2d at 1256-57.  Therefore, the Amended Complaint and action will be dismissed without prejudice for lack of subject matter jurisdiction.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Amended Complaint and action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.  It is

FURTHER ORDERED that any pending motions are DENIED as moot.

DATED at Denver, Colorado, this __15th__ day of __October_____, 2015.

BY THE COURT:

__ s/Lewis T. Babcock_____

LEWIS T. BABCOCK, Senior Judge
United States District Court